UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY and WILD FISH CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE NAVY; RAYMOND E. MABUS, JR., in his official capacity as Secretary of the Navy; U.S. FISH AND WILDLIFE SERVICE; KEN SALAZAR, in his official capacity as Secretary of the Interior; NATIONAL MARINE FISHERIES SERVICE; and GARY LOCKE, in his official capacity as Secretary of Commerce,<br><br>Defendants. | CASE NO. C08-5552BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXTEND STAY OF ACTION |

This matter comes before the Court on Defendants' motion to continue the stay of this action (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On July 7, 2009, the Court granted a stay in this action until February 1, 2010. Dkt. 32. On January 28, 2010, Defendants moved the Court to extend this stay for an additional five months. Dkt. 33. On February 8, 2010, Plaintiffs opposed this motion. Dkt. 38. On February 12, 2010, Defendants replied. Dkt. 39.

ORDER - 1

| | |
|---|---|
| 1 | **II. DISCUSSION** |
| 2 | This case involves a challenge to the United States Department of the Navy's |
| 3 | ("Navy") Explosive Ordnance Disposal ("EOD") underwater training exercises in Puget |
| 4 | Sound, Washington. Plaintiffs Public Employees for Environmental Responsibility and |
| 5 | Wild Fish Conservancy (collectively, "PEER") challenge the Navy's EOD exercises, |
| 6 | alleging violations of the National Environmental Policy Act ("NEPA"), the Endangered |
| 7 | Species Act ("ESA"), and the Administrative Procedure Act ("APA"). Dkt. 32 at 1-2. A |
| 8 | thorough discussion of the issues presented in this matter may be found in the Court's |
| 9 | previous order staying the matter. *See Id.* |
| 10 | In issuing the prior order to stay this action (Dkt. 32), the Court concluded that |
| 11 | "the interests of the orderly course of justice and judicial economy outweigh any |
| 12 | prejudice to PEER." Dkt. 32 at 18 ("PEER has not identified any immediate need for |
| 13 | remediation; therefore, staying the determination of whether PEER is entitled to any relief |
| 14 | will not cause it undue prejudice."). |
| 15 | Defendants now move the Court to extend the stay of this matter to and including |
| 16 | June 25, 2010. Dkt. 33 at 10. As Defendants correctly point out, the previously ordered |
| 17 | stay (Dkt. 32) was intended to extend until the anticipated issuance of the ROD. Dkt. 32 |
| 18 | at 18. To date the ROD has not issued. The delay in obtaining the ROD is due to delay of |
| 19 | other processes that must be completed before the Navy's ROD can issue. See Dkt. 35, |
| 20 | Declaration of Helen M. Golde ¶ 9 ("NMFS is currently processing the Navy's MMPA |
| 21 | application and the accompanying BiOp for the NWTRC. NMFS intends to complete |
| 22 | both the MMPA and the ESA processes in time for the Navy to issue its Record of |
| 23 | Decision for the NWTRC by June 25, 2010."). |
| 24 | In opposition to this motion for a second extension, Plaintiffs set forth the same |
| 25 | arguments that the Court previously rejected. Plaintiffs' arguments remain unavailing. |
| 26 | The Court still concludes that it would promote judicial economy to stay the action |
| 27 | pending the Navy's issuance of the ROD. In fact, the Court anticipated such an extension |
| 28 | |

may be necessary given the complexities of the matter. *See* Dkt. 32 at 19 ("The parties may move the Court *to extend or shorten* the date for lifting the stay as circumstances warrant.") (emphasis added).

The Court concludes that, for the same reasons given in the previous order staying this matter, Defendants have shown good cause for extending the stay in this matter pending the Navy's issuance of an ROD on or before June 25, 2010. *See* Dkt. 32 at 13-19 (providing basis for the initial stay of this action). This order operates solely to extend the date for which this matter is stayed; the original order staying the matter remains effective in all other respects. *See* Dkt. 32 (setting out conditions of stay).

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to continue the stay in this matter (Dkt. 33) is **GRANTED** as discussed herein.

DATED this 23rd day of February, 2010.

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxx}$ /s/ Benjamin H. Settle
BENJAMIN H. SETTLE
United States District Judge